[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2010
JOHN LEY
CLERK

_____

No. 10-11107
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-03076-WSD


FEDERAL DEPOSIT INSURANCE
CORPORATION, As Receiver Of Integrity Bank,

Plaintiff-Appellee,

versus


COLEMAN DRIVE ASSOCIATES, LLC,
and PATRICK LEONARD,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 3, 2010)

Before TJOFLAT, WILSON and HILL, Circuit Judges.

PER CURIAM:

Coleman Drive Associates, LLC, and Patrick Leonard appeal the denial of their motion for recusal of the district judge in this case, and the district court's Confirmation Order that found that the property sold at foreclosure, which was the purpose of this lawsuit, brought its true market value. We find no merit in these issues.

1.      The Denial of the Motion to Recuse

Appellants contend that the district judge exhibited an extra-judicial, personal bias against them, citing several statements made by the district judge that allegedly demonstrate this bias. A party moving for recusal bears the burden of showing facts that, if true, would convince a reasonable man that such a personal bias exists. *Phillips v. Joint Legis. Comm. On Performance and Expenditure Review of State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. Unit A Feb. 1981). Where movant makes such a showing, it is legally sufficient and recusal is mandated. *Id.*

The district court denied appellants' motion for recusal, holding that appellants' affidavit was not legally sufficient because the comments complained of do not demonstrate a personal bias stemming from extra-judicial sources. At most, the statements indicate a general familiarity with the subject matter of the

2

lawsuit – foreclosure and real estate markets – and, when looked at in context, reveal that they were made in the course of efforts to determine the scope of discovery, the issues to be heard at trial, and the case time line.[1]  A reasonable man would not conclude from these comments that the court was biased against the appellants.  Accordingly, as a matter of law, the comments are legally insufficient to trigger the district court's duty to recuse.

2.      The Valuation of the Property

Under Georgia foreclosure law, "the judge is given wide discretion in deciding whether to confirm or deny confirmation . . . and his findings will not be disturbed on appeal if there is any evidence to support it." *Weems v. McCloud*, 619 F.2d 1081, 1086 (5th Cir. 1980).  In reviewing the district court's confirmation, its findings of fact are reviewed only for clear error.  *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1222, 1230 (11th Cir. 2009).  In this case, the district court's finding that the property sold at foreclosure brought its true market value on the date of that sale was supported by the testimony of the Federal Deposit Insurance Corporation's appraiser.  The district court found that the appraiser used reasonable methods in his appraisal and that these methods

---

[1]For example, the complained of comment by the district court that "I understand comparables, and I understand this market . . . " was made in the context of how much foundational testimony would be necessary at the bench trial.  See V-2, Transcripts, p. 103.

3

supported his valuation of the property.  This was substantial evidence to support the district court's findings as to the valuation of the foreclosed property. Furthermore, the court's decision to credit this testimony as to the value of the property over that of appellants' appraiser was well within the district court's discretion.

Finding no reversible error, the district court's denial of the recusal motion and its finding regarding the valuation of the property, which supported the Confirmation Order, are

AFFIRMED.